[913 NYS2d 575]

In the Matter of BRUCE K. MOGAVERO, an Attorney, Resignor.

Second Department, December 28, 2010

---

**APPEARANCES OF COUNSEL**

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Bruce K. Mogavero has submitted an affidavit dated June 11, 2010, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Mogavero was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 22, 1985.

Mr. Mogavero avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 and the rules of this Court from seeking reinstatement for at least seven years. Mr. Mogavero is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct alleging that he issued a check from his attorney escrow account which was subsequently dishonored as a result of insufficient funds and that he failed to deliver escrow funds pursuant to a stipulation of settlement agreement.

Mr. Mogavero acknowledges his inability to successfully defend himself on the merits against any charges predicated upon the aforesaid allegations. He is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection to the extent that any monies are actually paid by the Fund for any claim that it determines to be meritorious. Mr. Mogavero is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Mogavero's resignation, as in the best interest of the public and the most expeditious way to conclude this matter.

Inasmuch as the proffered resignation complies with 22 NYCRR 691.9, it is accepted, and, effective immediately, Bruce K. Mogavero is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce K. Mogavero is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bruce K. Mogavero shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce K. Mogavero is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Bruce K. Mogavero has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).